## Swift & Company v. Fred Haislip.

1. PEREMPTORY INSTRUCTION—*when should be given.* Where the evidence with all the inferences which may reasonably be drawn therefrom does not tend to prove the plaintiff's cause of action, a peremptory instruction should be given.

Action on the case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYER, Judge, presiding. Heard in this court at the August term, 1905. Reversed, with finding of facts. Opinion filed March 22, 1906.

C. E. POPE, for appellant.

F. C. SMITH and M. MILLARD, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This is an action on the case brought by Fred Haislip, appellee, against Swift & Company, a corporation, appel-

lant, to recover damages for personal injuries alleged to have been caused by the negligence of appellant. The declaration is in two counts; in the first it is alleged that the plaintiff was "obliged in the discharge of his duty to make use of certain boards and scaffolding" and that the defendant then and there "negligently placed boards in said scaffolding which were defective, worn, knotty and unfit for that purpose." The second count charges that the defendant "negligently placed a certain board in said scaffolding which was defective, worn, knotty and unfit for that purpose" and that the "defendant negligently and wrongfully ordered the plaintiff to make use of said board and scaffolding." In each count it is alleged that plaintiff was in the exercise of due care for his own safety. The defendant filed a plea of not guilty. The case was tried by a jury resulting in a verdict and judgment for the plaintiff for $500; from which defendant appealed. At the conclusion of plaintiff's evidence, and again at the close of all the evidence, the defendant asked the court to instruct the jury to find the defendant not guilty. This the court refused, and error is duly assigned. We are of opinion that the peremptory instruction should have been given, and for the error in refusing it the judgment of the Circuit Court must be reversed without remanding.

Appellee was a carpenter by trade, and at the time of his alleged injury, November 28, 1902, was in the employ of appellant engaged with other carpenters at work in line of their service in building an extension to a building used as an engine room. The walls and frame-work of the extension had been completed. The immediate work in hand was to saw off the studding of the old building near the roof, so that an I-beam could be placed under it. Iron I-beams had been placed on the new walls and interior supports, and the necessary number of joists 3″ x 12″ x 22′ to support the new roof had been raised by the carpenters and laid down flat on the I-beams. The I-beams were twenty feet apart and the joists were supported only at the ends. After the joists had been placed on the I-beams the carpenter-

foreman directed the men to saw off the studding of the old building, to do which required a platform or scaffold from which the men could work. The carpenters, four or five in number, including appellee, went upon the joists previously placed on the I–beams, and each workman for himself moved or placed a joist close to the old wall where the work of cutting off the studding was to be done and each of the carpenters started to work on separate spaces or bents. After they had thus worked for possibly an hour, plaintiff left the place where he was working and walked out on a joist upon which another carpenter, David Smith, was working. This joist, which was the "scaffolding" complained of, was twenty-two feet long, twelve inches wide and three inches thick, supported by two I–beams, twenty feet apart. The combined weight of the two men broke the joist and both fell to the roof below, a distance of twelve or fourteen feet. The joist was placed near and along the wall and supported by the I–beams. The foreman's order or direction to the carpenters to "get up there and get to work on them," as testified to by appellee, contemplated, and must have been understood by appellee to mean, that the men were first to build the necessary scaffold or platform as part of the work they were directed to do. For that purpose the men were to select from a large number of joists then on the I–beams above, such as were suitable for the purpose and they were to move and place them in such manner as to provide a sufficient support or platform on which they could safely work. So far as the evidence shows, all the joists, except the one that broke, were of good quality, suitable for a scaffold such as was required and amply strong, as estimated by appellee himself, to bear three men. Appellee testifies that "they (the carpenters) always built their own scaffolding. * * * If we needed scaffolding we built it." And there is nothing in the facts or circumstances of this case to show a departure from their usual customary duties while in the service of appellant on this occasion. The duty of selecting the joists for the scaffold, and inspection thereof, if

such were required, devolved upon the carpenters. It was a part of their duty and within the line of their employment, and for injuries to appellee for failure or neglect of duty in that respect the appellant may not be held liable. There is no evidence tending to prove the charge of negligence set out in either count of the declaration. As affecting liability the appellant did not place the defective board or joist in the scaffolding. It was done by appellee or his fellow-servants. If there was negligence in the selection, use and placing of the defective board, it was that of appellee or those with whom he worked and for whose negligence he assumed the risk. There is no evidence of an order by the foreman to use or go upon the defective board, the "scaffolding" in question. Under all the circumstances and the undisputed evidence in the case, the order of the foreman found in the testimony of the appellee falls far short of a specific order to use, appropriate or go upon the defective board. When the order was made the scaffold was not built. The first duty under the order was to select and put in place a suitable joist or board to be used as a scaffold. Appellee was not injured by reason of a negligent order given by the foreman, but through his own negligence in executing a proper order. The rule of law under which the master may be held liable for injuries received by the servant while acting in obedience to an order of the foreman or other superior servant has no application in this case. Negligence of appellant in selecting the material for the scaffold is not charged nor is there proof in this record to support such allegation if it had been made. As already stated, what the appellant did or failed to do in selecting the material, the board for the scaffold, was done by its servant, the appellee, who may not claim damages for injuries due solely to his own negligence. At most appellant could be held only to the exercise of reasonable care in the selection of material, and there is no evidence that the defendant knew of the defective board, or by the exercise of reasonable care should have known of it. The carpenters, including the appellee, who

handled this lumber and raised the joists from the ground to the I–beams, must have known better than any one else its quality and condition. It was within the line of their experience and the particular business at which they were engaged to inspect and determine the condition of the lumber handled. There is nothing to show that appellee could not have known by the exercise of ordinary care for his own safety the defect in the board quite as well as any other servant or employee of the company. Appellee's suggestion to the foreman that the planks were not safe did not refer to any defect in their quality or condition and therefore was no notice of such defect. In the sense and meaning of appellee's suggestion, that is, that the planks free from defects were not strong enough, he was mistaken. By his own testimony it is proven that they were capable singly of supporting the weight of three men, and there is no evidence to the contrary.

In accordance with the foregoing opinion the judgment of the Circuit Court will be reversed with a finding of facts.

*Reversed.*

We find as facts, to be incorporated in the judgment: First, that appellant was not guilty of the negligence charged in the declaration; second, that the negligence of appellee and his fellow-servants was the proximate cause of the injury complained of.